E. DILLINGHAM, INC. v. UNITED STATES

Court Nos. 69/30706, etc.

(Decided June 16, 1975)

*Tompkins & Davidson* (*Steven S. Weiser* of counsel) for the plaintiff.
*Rex E. Lee*, Assistant Attorney General (*David A. Ast*, trial attorney), for the defendant.

FORD, Judge: Plaintiff pursuant to rule 8.2 of the rules of this court has moved for summary judgment which involves the proper classification of certain defective merchandise described on the invoices as "nylon 66 tow," types 2072, 2472, 3002–5 and 3472, which was classified under item 309.30, Tariff Schedules of the United States, as modified by Presidential Proclamation 3822,[1] and assessed with duty at the rate of 13.5 cents per pound. Plaintiff contends the merchandise is properly subject to duty at the rate of 12 per centum ad valorem under item 309.75, Tariff Schedules of the United States, as modified by Presidential Proclamation 3822.[2] It is further contended by plaintiff that the issue involved has previously been determined in *E. Dillingham, Inc. v. United States*, 70 Cust. Ct. 43, C.D. 4406 (1973), since the merchandise is the same as established by affidavit of Abraham J. Rosenstein, a witness in the original case.

Defendant filed objection on the narrow ground that the document containing the statements of Mr. Rosenstein did not meet the requirements of an affidavit. Plaintiff responded by submitting a further affidavit by the notary public in which the affiant states Mr. Rosenstein appeared before him in the State of Connecticut and swore to the allegations contained in his affidavit. He further states he is a duly qualified notary public registered under the statutes of said state.

[1] Grouped filaments and strips (in continuous form), whether known as tow, yarns, or by any other name:

Wholly of grouped filaments (except laminated filaments and plexiform filaments):
Of glass:
    \*       \*       \*       \*       \*       \*       \*
Other:
309.30        Valued not over 80 cents per pound _____ 13.5¢ per lb.

[2] Waste and advanced waste, of man-made fibers:
    \*       \*       \*       \*       \*       \*       \*

Advanced:
\* \* \*        Garnetted fibers _____ \* \* \*
309.75        Other _____ 12% ad val.

Whether or not the affidavit was defective, the supplemental affidavit establishes to the satisfaction of the court that said document was duly sworn to before a notary public.

The affidavit insofar as is pertinent herein reads as follows:

1. I am the same Abraham J. Rosenstein who testified on behalf of the plaintiff in the case of *E. Dillingham, Inc.* v. *United States*, Court No. 71–8–00856, on September 22, 1972 at the United States Customs Court, One Federal Plaza, New York, New York, and I am familiar with my testimony there given.

2. During the period 1955 through 1972, I was president of Hartford Spinning (Canada) Ltd.

3. My duties in that position included the purchasing of raw materials, sales, manufacturing and exportation of the products Hartford produced.

4. During the year 1969, my firm exported to the United States waste yarn which was invoiced as "nylon 66 tow" and identified by the following type numbers: 3472, 2472, 2072 and 3002–5.

5. I am personally familiar by reason of my duties and prior experience, with the manner in which the types enumerated in paragraph "4" were manufactured, how they were utilized by the ultimate purchaser and what their potential uses were.

6. I know that said types were the same in all material respects as those imported during the period 1970–1972 under the same type numbers but invoiced as "advanced waste" based upon the following:

a. The price range of the merchandise was the same whether invoiced as "nylon 66 tow" or "advanced waste";

b. Customers who initially bought a particular type number as "nylon 66 tow" reordered and accepted the same type number described as "advanced waste" for subsequent shipments; and,

c. The books and records of my firm establish that the same groupings of the merchandise, according to average denier, were shipped whether described as "advanced waste" or "nylon 66 tow".

7. Said types were, in fact, not tow but the same in all respects as the merchandise the subject of *E. Dillingham, Inc.* v. *United States*, Court No. 71–8–00856, that is, advanced waste and my testimony in that case is equally applicable to the types herein, to wit, that the merchandise:

a. was defective and could not be used for its original purpose as yarn without further processing;

b. was advanced from its original condition by the process of creeling;

c. could not be utilized for spinning or wearing [sic] even after creeling;

d. was composed of filaments which were intentionally twisted by a draw twister to hold them together; and,

e. was not garnetted.

8. It has been my experience that all shipments of said types in 1969 contained merchandise which was consistent in that the groupings of advanced waste did not vary significantly within any particular type number and that at no time did a purchaser of such a type return it by reason of non-conformity with that which was ordered.

Following the principles laid down in *Dillingham, supra,* I find plaintiff has sustained its burden of proof and said merchandise is dutiable as claimed. Plaintiff's motion for summary judgment is hereby granted.

Judgment will be entered accordingly.